IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Margaret Fuller, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 227 |
| Cavalry Portfolio Services, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Margaret Fuller, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.  Plaintiff, Margaret Fuller ("Fuller"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt she owed for a GE Money Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cavalry Portfolio Services, LLC ("Cavalry") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Cavalry operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Fuller.

5. Defendant Cavalry is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Cavalry conducts business in Illinois.

6. Moreover, Defendant Cavalry is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Cavalry acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Fuller is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant Cavalry began trying to collect the delinquent GE Money Bank debt from Ms. Fuller, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Cavalry's collection actions.

8. On October 27, 2010, one of Ms. Fuller's attorneys at LASPD told Cavalry, in writing, that Ms. Fuller was represented by counsel, and directed Cavalry to cease contacting her, and to cease all further collection activities because Ms. Fuller was

forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on November 4, 2010, Defendant Cavalry sent a collection letter directly to Ms. Fuller that demanded payment of the GE Money Bank debt.  A copy of this letter is attached as Exhibit D.

10. Accordingly, on December 26, 2010, one of Ms. Fuller's LASPD attorneys had to write to Defendant Cavalry again to demand that it cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of Defendant Cavalry's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Cavalry's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Fuller's agent, LASPD, told Defendant Cavalry to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant Cavalry violated

3

§ 1692c(c) of the FDCPA.

16. Defendant Cavalry's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Cavalry knew that Ms. Fuller was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Cavalry to cease directly communicating with Ms. Fuller. By directly sending Ms. Fuller the November 4, 2010 collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Cavalry violated § 1692c(a)(2) of the FDCPA.

20. Defendant Cavalry's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Margaret Fuller, prays that this Court:

1. Find that Defendant Cavalry's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Fuller, and against Defendant Cavalry,

4

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Margaret Fuller, demands trial by jury.

Margaret Fuller,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 12, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com